UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC.,<br>Four Limited Parkway<br>Reynoldsburg, Ohio 43068<br><br>Plaintiff,<br><br>v.<br><br>THOMAS PINK LIMITED,<br>1 Palmerston Court<br>Palmerston Way<br>London SW8 4AJ<br>United Kingdom<br><br>and,<br><br>THOMAS PINK, INC.<br>19 E. 57th Street, 19th Floor<br>New York, New York  10022<br><br>Defendants. | Civil Action No.: 2:13-cv-13-733<br><br>Judge:<br><br>Jury Trial Demanded |

**COMPLAINT FOR DECLARATORY JUDGMENT**

VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC. ("Plaintiff," "Victoria's Secret," or "VS") by and through its attorneys, brings this action for declaratory judgment and alleges against Defendants THOMAS PINK LIMITED and THOMAS PINK, INC. (hereinafter, collectively "Defendants" or "Thomas Pink") as follows:

**NATURE OF THE ACTION**

1. Victoria's Secret seeks a declaration that its use of "VICTORIA'S SECRET PINK" and related "PINK" trademarks and trade names does not infringe Defendants' rights in any way.  On May 10, 2013, Thomas Pink Limited sued Plaintiff's related company Victoria's

Secret UK Limited in the Patents County Court in the United Kingdom (the "U.K. Action"), claiming that VS' use of "VICTORIA'S SECRET PINK" infringes its rights. The U.K. Action places VS at imminent risk of a suit on the same grounds in the U.S. Accordingly, VS brings this action to clarify the rights of the Parties, allowing them to continue the peaceful coexistence that has been in place for many years.

## THE PARTIES

2. Plaintiff is a Delaware corporation with offices at Four Limited Parkway, Reynoldsburg, Ohio 43068, and is qualified to do business and is doing business in the State of Ohio and in this judicial district.

3. On information and belief, Defendant Thomas Pink Limited is a British company incorporated on March 5, 1986, having its principal place of business in London, England, and is transacting business in the State of Ohio and in this judicial district.

4. On information and belief, Defendant Thomas Pink, Inc. is a Delaware corporation with its principal place of business in New York, New York. Upon information and belief, Thomas Pink, Inc. is a subsidiary of Thomas Pink Limited and is transacting business in the State of Ohio and in this judicial district.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this declaratory judgment action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201(a) and 2202, as well as under 28 U.S.C. §§ 1331, 1367(a) and 1338(a) and (b), and the Lanham Act, 15 U.S.C. § 1121.

6. The Court has personal jurisdiction over Defendants because, on information and belief, Defendants solicit and transact business in the State of Ohio, within this judicial district.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

## FACTS

## VICTORIA'S SECRET'S BUSINESS AND TRADEMARKS

8. Plaintiff Victoria's Secret owns and operates more than 1,000 VICTORIA'S SECRET retail stores nationwide. Through its VICTORIA'S SECRET stores, as well as the Victoria's Secret Catalog, and the VS website, www.victoriassecret.com, VS sells a wide range of women's intimate and other apparel, and beauty and personal care products and accessories. Victoria's Secret sells products using the famous VICTORIA'S SECRET trademark and trade name, as well as numerous sub-brands, trademarks and trade names.

9. Beginning as early as 2001, VS has used the trademark VICTORIA'S SECRET PINK in connection with a variety of products, including women's intimate and other apparel, and beauty and personal care products and accessories.

10. Over the years, VS has actively used, promoted and registered a growing family of VICTORIA'S SECRET PINK trademarks and trade names (hereafter the "VICTORIA'S SECRET PINK Marks" or "VICTORIA'S SECRET PINK Brand").

11. For example, a section of the Victoria's Secret website promotes the "PINK NATION," an online community providing members with access to special offers and events. Customers may also join the PINK NATION by downloading iPad and phone "apps," gaining access to additional branded experiences, activities, interactions and ecommerce opportunities. Over 3 million fans have downloaded the PINK NATION app for iPhone and Android; altogether, the PINK NATION has over 5.8 million registered members and is growing daily.

12. Plaintiff has extensively promoted the VICTORIA'S SECRET PINK Brand in social media, including on Facebook, where the brand has over 1 million "fans" and over 12 million "likes." In addition, since as early as 2006, popular, national publications such as *Seventeen*, *People*, and *Cosmopolitan* have featured VICTORIA'S SECRET PINK branded

3

products in fashion editorials, and the VICTORIA'S SECRET PINK Brand has been covered in mainstream news and business publications including *The New York Times*, *Newsday*, *The Boston Herald*, *The Chicago Sun-Times* and *The Columbus Dispatch*, among others.

13. Plaintiff has prominently featured its VICTORIA'S SECRET PINK branded products in the Victoria's Secret Fashion Show, an annual television broadcast on the CBS network that has become one of the most anticipated fashion events of the year, boasting viewership of more than ten million in recent years. Plaintiff also actively promotes its VICTORIA'S SECRET PINK Brand on college campuses throughout the country, with the assistance of more than 100 campus representatives, and by organizing promotional events featuring high profile musical acts and other celebrities.

14. Plaintiff's VICTORIA'S SECRET PINK branded products are sold in VICTORIA'S SECRET stores, including in dedicated store sections using the VICTORIA'S SECRET PINK Brand. Plaintiff's store signage and window displays oftentimes present its VS retail locations as VICTORIA'S SECRET PINK branded or featuring VICTORIA'S SECRET PINK branded merchandise. In addition, Plaintiff operates dozens of standalone retail stores using the VICTORIA'S SECRET PINK Brand. (Together, the outlets where Plaintiff's VICTORIA'S SECRET PINK branded merchandise is available are referred to as the "VICTORIA'S SECRET PINK Locations.")

15. As a result of these promotional efforts, and VS' commitment to providing high quality goods and services, Plaintiff's VICTORIA'S SECRET PINK Brand has become a dominant lifestyle brand targeting college girls and celebrating campus life. In December 2012, the fashion trade journal Women's Wear Daily ranked Plaintiff's VICTORIA'S SECRET PINK Brand among the Top 100 most recognized fashion brands in the U.S., based on a survey of

4

women aged 13 to 64, at # 94.  (In the same survey, Plaintiff's VICTORIA'S SECRET brand was ranked as the # 1 most recognized fashion brand in the country.)

16. Products bearing Plaintiff's VICTORIA'S SECRET PINK Marks have been very successful, yielding sales in excess of $6 billion through 2012.  Sales of products bearing the VICTORIA'S SECRET PINK Marks now exceed $1.5 billion annually.

17. Victoria's Secret owns the following U.S. federal registrations for its VICTORIA'S SECRET PINK Marks (the "VICTORIA'S SECRET PINK Registrations"):

| Registration No. | Mark | Registration Date | Class(es) |
|---|---|---|---|
| 2,820,380 | VICTORIA'S SECRET PINK | Mar. 2, 2004 | 25 |
| 2,992,758 | VICTORIA'S SECRET PINK | Sept. 6, 2005 | 25 |
| 3,226,760 | VICTORIA'S SECRET PINK | April 10, 2007 | 20, 24 |
| 3,234,287 | PINK DOG | April 24, 2007 | 25 |
| 3,386,282 | PHI BETA PINK | Feb. 19, 2008 | 24, 25 |
| 3,502,263 | VICTORIA'S SECRET PINK | Sept. 16, 2008 | 35 |
| 3,520,974 | VICTORIA'S SECRET PINK | Oct. 21, 2008 | 3 |
| 3,544,100 | DRENCHED IN PINK | Dec. 9, 2008 | 3 |
| 3,565,927 | PINK IS LIFE | Jan. 20, 2009 | 35 |
| 3,631,914 | SQUEAKY PINK | June 2, 2009 | 3 |
| 3,665,102 | PINK UNIVERSITY | Aug. 4, 2009 | 16, 18, 25 |
| 3,726,618 | PINK ME UP | Dec. 15, 2009 | 3 |
| 3,729,795 | PINK NATION | Dec. 22, 2009 | 35 |
| 3,750,738 | PINK U | Feb. 16, 2010 | 25 |
| 3,782,747 | LIVE PINK | April 27, 2010 | 3 |
| 3,805,362 | LOVE PINK ♥ VICTORIA'S SECRET | June 22, 2010 | 25 |
| 3,840,101 | PINK ♥ NATION | Aug. 31, 2010 | 35 |
| 3,853,421 | LIFE IS PINK | Sept. 28, 2010 | 3 |
| 3,883,774 | HOPE PINK | Nov. 30, 2010 | 3 |
| 3,940,420 | Word portion: 1986 PINK NATION VICTORIA'S SECRET | Apr. 5, 2011 | 35 |
| 3,992,764 | VICTORIA'S SECRET PINK | July 12, 2011 | 25 |

5

| Registration No. | Mark | Registration Date | Class(es) |
|---|---|---|---|
| 3,993,100 | I ONLY SLEEP IN PINK | July 12, 2011 | 25 |
| 4,010,593 | ALOHA PINK | Aug. 9, 2011 | 3 |
| 4,061,503 | HOT FOR PINK | Nov. 22, 2011 | 3 |
| 4,061,574 | MAKE ME PINK | Nov. 22, 2011 | 3 |
| 4,061,578 | FOREVER PINK | Nov. 22, 2011 | 3 |
| 4,097,199 | GIVE A LITTLE PINK | Feb. 7, 2012 | 3 |
| 4,097,220 | MERRY MERRY PINK | Feb. 7, 2012 | 3 |
| 4,164,695 | OH WHAT FUN IS PINK | June 26, 2012 | 3 |
| 4,219,269 | PINK BEACH | Oct. 2, 2012 | 3 |
| 4,336,625 | LIFE IS PINK IS LIFE | May 21, 2013 | 35 |

18. To Plaintiff's knowledge, its use of the VICTORIA'S SECRET PINK Marks has never caused an instance of consumer confusion as to the source or affiliation of any of its products or services.

## THOMAS PINK'S BUSINESS AND TRADEMARKS

19. On information and belief, Defendant Thomas Pink began doing business in London in or about 1986, selling men's dress shirts. The company is named for an 18th century tailor who designed hunting coats, and Defendants continue to use a "cheeky fox" mascot as a branding element, intended to serve as a reminder of Thomas Pink's claimed "tradition of excellence" for "meticulously crafted shirts." Thomas Pink's flagship store is located on Jermyn Street in London, home of traditional British shirt-making.

20. On information and belief, over the years, Thomas Pink has expanded the range of products it offers to include women's shirts, among other things, but men's dress shirts remain the primary focus of Thomas Pink's business, and constitute a significant majority of its revenues.

21. All of Defendants' products are directed particularly to the higher price end of the market.

6

22. In the U.S., Defendants sell their products through owned stores, in branded sections of third party retailers, such as Macy's (together the "Thomas Pink Locations"), and through what they call "the largest Thomas Pink store of all"—its website, www.thomaspink.com.

23. On information and belief, Defendants have never offered women's intimate apparel, or beauty or personal care products in the U.S., and have no intention of offering such products in the U.S. in the future.

24. On information and belief, Thomas Pink owns U.S. federal trademark Registration Nos. 2,429,601 for THOMAS PINK (Classes 14, 18, 21, 24, 25, 26 and 35); 3,199,280 for PINK THOMAS PINK JERMYN STREET LONDON Logo (Classes 14, 18, 25 and 35); and 3,207,031 for THOMAS PINK (Class 3).

## A DECADE OF COEXISTENCE

25. The Parties have been aware of one another, and their mutual use and registration of the above trademarks, since at least as early as 2005. Between August 16 and September 28, 2005, counsel for the Parties corresponded concerning their respective rights with regard to the term "PINK." There were no further communications between the Parties on this issue until the filing of the U.K. Action.

26. The Parties have mutually sold their products online for many years, without conflict or confusion of any kind.

27. Many of the Parties' respective retail Locations are in close physical proximity to one another, in the same cities, the same business districts, and in some instances the same mall complexes.

28. Despite the physical proximity of the Parties' respective retail Locations, and their mutual sales of many millions of dollars in merchandise over many years' time, on information

7

and belief, Defendants have never experienced even a single instance of consumer confusion as between the Parties' respective trademarks, products, services or businesses.

29. Defendants did not oppose any of the VICTORIA'S SECRET PINK Registrations.

## THE U.K. ACTION

30. Thomas Pink filed and served the U.K. Action on May 10, 2013, without prior notice to Plaintiff or Victoria's Secret UK Limited.

31. Victoria's Secret UK Limited has denied the salient allegations in the U.K. Action.

32. Based on the U.K. Action, VS has a real and reasonable apprehension of U.S. litigation with regard to the same trademarks and issues involved in the U.K. Action alleging infringement.

33. There is no likelihood of confusion as to the source or affiliation of the Parties' respective products, services, or businesses.

## COUNT I

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF TRADEMARK

34. Victoria's Secret repeats the allegations contained in paragraphs 1 through 33 of this complaint, as if fully set forth herein.

35. A real and actual dispute, case, and/or controversy exists between the Parties as to a state of facts, in particular VS' past use and continued use of its VICTORIA'S SECRET PINK Marks.

36. Victoria's Secret and Defendants have adverse and antagonistic interests in the subject matter of the dispute, case, and/or controversy.

37. Victoria's Secret seeks a declaratory judgment that its past use and continued use of the VICTORIA'S SECRET PINK Marks is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation of the Parties' respective products, services or businesses, under the Lanham Act, Ohio trademark common law, or Ohio statutory law, including but not limited to R.C. § 4165.01 *et seq.*

38. Victoria's Secret further seeks a declaratory judgment that its past use and continued use of the VICTORIA'S SECRET PINK Marks has not and does not jeopardize the goodwill, if any, symbolized by Thomas Pink's registered trademarks, nor does it cause any other injury to Defendants under the Lanham Act, Ohio trademark common law, or Ohio statutory law, including but not limited to R.C. § 4165.01 *et seq.*

## COUNT II

### DECLARATORY JUDGMENT – NO UNFAIR COMPETITION
### 15 U.S.C. § 1125(a) and Ohio Law

39. Victoria's Secret repeats the allegations contained in paragraphs 1 through 38 of this complaint, as if fully set forth herein.

40. A real and actual dispute, case, and/or controversy exists between the Parties as to a state of facts, in particular VS' past use and continued use of its VICTORIA'S SECRET PINK Marks and trade names.

41. Victoria's Secret and Defendants have adverse and antagonistic interests in the subject matter of the dispute, case, and/or controversy.

42. Victoria's Secret seeks a declaratory judgment that its past use and continued use of the VICTORIA'S SECRET PINK Marks and trade names is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation of the Parties' respective products, services, or businesses, and does not unfairly compete with Defendants,

9

under the Lanham Act, Ohio unfair competition common law, or Ohio statutory law, including but not limited to R.C. § 4165.01 *et seq.*

43. Victoria's Secret further seeks a declaratory judgment that its past use and continued use of the VICTORIA'S SECRET PINK Marks and trade names has not and does not cause any injury to Defendants under the Lanham Act, Ohio unfair competition common law, or Ohio statutory law, including but not limited to R.C. § 4165.01 *et seq.*

## COUNT III

### DECLARATORY JUDGMENT FOR DETERMINATION OF NO FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125(a)

44. Victoria's Secret repeats the allegations contained in paragraphs 1 through 43 of this complaint, as if fully set forth herein.

45. A real and actual dispute, case, and/or controversy exists between the Parties as to a state of facts, in particular VS' past use and continued use of its VICTORIA'S SECRET PINK Marks and trade name.

46. Victoria's Secret and Defendants have adverse and antagonistic interests in the subject matter of the dispute, case, and/or controversy.

47. Victoria's Secret seeks a declaratory judgment that that its past and continued use of the VICTORIA'S SECRET PINK Marks and trade names is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation, or as to the origin, sponsorship or approval of the Parties' respective products, services, or businesses, and does not constitute a false designation of origin, under the Lanham Act, 15 U.S.C. § 1125(a).

48. Victoria's Secret further seeks a declaratory judgment that its past use and continued use of the VICTORIA'S SECRET PINK Marks has not and does not jeopardize the

10

goodwill, if any, symbolized by Thomas Pink's registered or unregistered trademarks, nor does it cause any other injury to Defendants under the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT IV

## **DECLARATORY JUDGMENT ON EQUITABLE GROUNDS**

49. Victoria's Secret repeats the allegations contained in paragraphs 1 through 48 of this complaint, as if fully set forth herein.

50. Defendants have been fully aware of VS' use, promotion and registration of its growing family of VICTORIA'S SECRET PINK Marks and trade names, since at least as early as August, 2005.

51. Until the filing of the U.K. Action, Defendants did not raise any issue with respect to VS' use, promotion and registration of its growing family of VICTORIA'S SECRET PINK Marks and trade names, in any jurisdiction, for nearly eight years.

52. Victoria's Secret relied on Defendants' silence and inaction in using, promoting and registering its growing family of VICTORIA'S SECRET PINK Marks and trade names.

53. Victoria's Secret would be unfairly prejudiced by any attempt by Defendants to institute any action or proceeding with respect to VS' use or registration of VICTORIA'S SECRET PINK Marks or trade names in connection with its business.

54. Defendants are barred from objecting to, or instituting any action or proceeding with respect to, VS' use or registration of VICTORIA'S SECRET PINK Marks or trade names in connection with its business, based on laches, acquiescence, estoppel and/or other equitable principles.

## **PRAYER FOR RELIEF**

**WHEREFORE**, VS prays for a declaratory judgment that:

A. Victoria's Secret's past, present and continued use and registration of VICTORIA'S SECRET PINK Marks and trade names in connection with its business does not and will not infringe any of Thomas Pink's trademark or trade name rights, or compete unfairly with Defendants, or falsely designate the origin of VS's products or services, or otherwise constitute a violation of any of Defendants' rights;

B. Defendants, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with them, be permanently enjoined and restrained from instituting, prosecuting or threatening any action against VS, or any of its affiliates, or anyone in privity with them, with respect to VS' use or registration of VICTORIA'S SECRET PINK Marks and trade names in connection with its business; and

C. Victoria's Secret have such other and further relief as the Court may deem just and proper.

Respectfully submitted by:

/s/ Keith Shumate

Dated: July 24, 2013

Keith Shumate  (0056190)
Heather Stutz  (0078111)
Squire Sanders (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
614.365.2700
keith.shumate@squiresanders.com
heather.stutz@squiresanders.com

Kevin C. Parks
Michelle L. Zimmermann
(Pending admission *pro hac vice*)
Leydig, Voit & Mayer, Ltd.
180 North Stetson

Two Prudential Plaza, Suite 4900
Chicago, Illinois
312.616.5669
kparks@leydig.com
mzimmermann@leydig.com

*Attorneys for Plaintiff*
VICTORIA'S SECRET STORES BRAND
MANAGEMENT, INC.